Peter C. Dee
**MAVRONICOLAS MUELLER & DEE LLP**
Attorneys for Plaintiff
Virginia Natural Beef, Inc.
950 Third Avenue, 10th Floor
New York, New York 10022
(646) 770-0024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

Virginia Natural Beef, Inc.,

                         Plaintiff,

           -against-

M/V MAERSK IDAHO, her engines, boilers, etc., *in rem*, A.P. Moller – Maersk A/S, Maersk Line, *in personam*,

                       Defendants.
--------------------------------------------------------------X

**ECF**

12 Civ. 02175 (JPO) (DCF)

**COMPLAINT**

      Plaintiff, Virginia Natural Beef, Inc. ("Virginia Natural Beef"), by its undersigned attorneys, Mavronicolas Mueller & Dee, LLC, complaining of the defendants herein, allege upon information and belief as follows:

### FOR A FIRST CAUSE OF ACTION

      1.     This is a case of Admiralty and Maritime jurisdiction and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.     Plaintiff Virginia Natural Beef was and now is a corporation duly organized and existing under the laws of the Commonwealth of Virginia, with an office and place of business at Lexington, Virginia.

3.      At all times hereinafter mentioned, defendant A.P. Moller – Maersk A/S was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Esplanaden 50, 1098 Copenhagen K, Denmark.

4.      At all times hereinafter mentioned, defendant A.P. Moller – Maersk A/S was and now is a common carrier and owned, chartered, operated and/or managed the M/V MAERSK IDAHO and operated the vessel in the common and/or private carriage of goods by water for hire between various ports of the world.

5.      At all times hereinafter mentioned, defendant Maersk Line was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Esplanaden 50, 1098 Copenhagen K, Denmark.

6.      At all times hereinafter mentioned, defendant Maersk Line was and now is a common carrier and owned, chartered, operated and/or managed the M/V MAERSK IDAHO and operated the vessel in the common and/or private carriage of goods by water for hire between various ports of the world.

7.      At all times hereinafter mentioned, defendants were and now are doing business in this District and within the jurisdiction of this Honorable Court, and have consented by contract to this Court's exclusive jurisdiction over the matters alleged herein, and defendant M/V MAERSK IDAHO, a ship engaged in the common and/or private carriage of cargo on the high seas between various ports of the world, including ports of the United States, during the pendency of process herein, may or will be within this District and/or within the jurisdiction of this Honorable Court.

2

8.      At all times hereinafter mentioned, plaintiff was and now is the owner,

consignee, underwriter and/or party having the risk of loss of the cargo described herein laden in

good order and condition on board the vessels M/V MAERSK IDAHO at the time of the occurrences

herein described, and/or were the lawful owners and holders of bill(s) of lading covering the said

shipment of cargo so laden, and of any claim and right of recovery for the loss thereto, and were

entitled to delivery of said shipment in accordance with the terms of certain contracts of carriage

referred to herein.  Plaintiff brings this action not only on its own behalf, but as agents and trustees,

and for the account of the owners thereof, and/or on behalf of and for the benefit of others who may

ultimately prove to be interested in said shipment, as their respective interests may ultimately appear.

9.      On or about September 17, 2010, there was delivered to defendants at the port of

Norfolk, Virginia a shipment of cartons of frozen fish owned by, consigned to and/or insured by

plaintiff, in good order and condition, for transportation on the M/V MAERSK IDAHO and delivery

at the port of Tema, Ghana and the defendants and vessel then and there accepted the shipment, and

agreed to transport and carry the shipment to the port of destination and there deliver the shipment to

the consignees in like good order and condition as when shipped, delivered to and received by them,

all in consideration of an agreed freight and in accordance with the valid terms and conditions of a

certain bill or bills of lading issued by and/or on behalf of one or more of the defendants, including a

bill of lading dated December 15, 2010.

10.      Thereafter, the shipment was placed on board the M/V MAERSK

IDAHO and the vessel having the shipment on board, sailed from the port of Norfolk, Virginia and

thereafter arrived at the port of discharge, where defendants failed to discharge and deliver the cargo

in the same good order and condition as when delivered to defendants at the port of shipment, but on

the contrary, the cargo was not delivered due to the negligence or breach of duty of defendants and/or their agents, servants, employees or representatives, resulting in the loss claimed herein.

11.     All conditions precedent required of plaintiff and of all other interests in said shipments have been performed.

12.     All and singular the premises are true, and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court.

13.     By reason of the premises, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of $42,120.00, as nearly as the same can now be estimated, no part of which has been paid.  Plaintiff reserves its rights to increase this amount should its losses and damages ultimately be in excess thereof.

## FOR A SECOND CAUSE OF ACTION

14.     Plaintiff repeats and realleges paragraphs 1 through 13 of the Complaint with the same force and effect as if repeated and set forth at length herein.

15.     On or about the aforementioned dates, there was delivered to the aforementioned defendants and the M/V MAERSK IDAHO, at the port of Norfolk, Virginia a shipment of cartons frozen fish, owned, insured by and/or consigned to plaintiff, in good order and condition, for transportation to the port of discharge as aforesaid.  Thereafter, the shipment was placed on board the vessel by defendants and the vessel, having the shipment on board as aforesaid, sailed from the port of shipment and arrived at the port of discharge, where defendants failed to discharge and deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the cargo was not delivered due due to the

negligence and other breach of duty of defendants and/or their agents, servants, employees or representatives.

16.     The loss and/or damage was not caused by any fault, neglect or want of care on the part of the plaintiff, its agents, servants or employees, but was proximately caused or contributed to by the fault, neglect and want of care on the part of defendants and/or their agents, servants, employees or representatives, in that defendants failed to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, and/or delivering property, in violation of 46 U.S.C. §41102, or from other acts, omissions, matters or transactions for which defendants are liable.

17.     By reason of the premises, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of $42,120.00, as nearly as the same can now be estimated, no part of which has been paid.  Plaintiff reserves its right to increase this amount should the losses and damages ultimately be in excess thereof.

**WHEREFORE**, plaintiff prays:

1.     That judgment in the sum of $42,120.00 be entered in favor of the plaintiff and against defendants, together with interest and costs;

2.     That process in due form of law according to the practice of this Honorable Court in causes of Admiralty and Maritime jurisdiction may issue against each of the defendants, citing them to appear and answer under oath all and singular the matters aforesaid;

3.     That the plaintiff be granted such other and further relief as in law and justice it may be entitled to receive.

5

Dated:  New York, New York
        March 23, 2012

**Mavronicolas Mueller & Dee LLP**
Attorneys for Plaintiff
Virginia Natural Beef, Inc.


By:  _____/s/ Peter C. Dee_____
        Peter C. Dee
        950 Third Avenue, 10th Floor
        New York, New York   10022
        Telephone:  (646) 770-0024